O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET RUBIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. EDCV 03-1524 AN<br><br>MEMORANDUM AND ORDER |

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

In the JS, Plaintiff contends the ALJ erred by: (1) disregarding the physicians' opinions; (2) failing to properly assess her credibility; (3) failing to find her ailments were not disabling. The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

The ALJ did not err in giving more weight to the opinions of Drs. Haaland and Meek, non-examining physicians, because their opinions were supported by independent medical evidence and clinical findings in the record, and the ALJ gave specific and legitimate reasons for favoring their opinions and findings over the conflicting opinions and findings expressed by Plaintiff's treating physicians. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ did not err in discrediting Plaintiff's subjective complaints about the severity of her alleged impairments because he gave clear and convincing reasons for discrediting her complaints. [Administrative Record at 11-15.] *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1988); *Lester v. Chater*, 81 F.3d. 821, 834 (9th Cir. 1996).

The ALJ did not err in finding that Plaintiff's alleged impairments of irritable bowel symptom, closed head trama, and frozen shoulder were not severe because there was no evidence showing these alleged impairments, either singly or in combination, "significantly" -- that is, more than minimally -- limited Plaintiff's ability to perform basic work activities. 20 C.F.R §§ 404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1     Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: September 30, 2005       /s/ Arthur Nakazato
                                          ARTHUR NAKAZATO
                                          UNITED STATES MAGISTRATE JUDGE